IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

AMERICAN SOUTHERN INSURANCE    )
COMPANY,                       )
                               )
        Plaintiff,             )
                               )
vs.                            )        No. 06-2590-BV
                               )
MAVERICK CONSTRUCTION &        )
ENGINEERING CORP., TRACI       )
SKINNER, and MICHAEL SKINNER,  )
                               )
                               )
        Defendants.            )
_____

REPORT AND RECOMMENDATION ON MOTION FOR ORDER SETTING ASIDE
CLERK'S ORDER DENYING MOTION FOR ENTRY OF DEFAULT
_____

Before the court is the January 15, 2007 motion of the plaintiff, American Southern Insurance Company ("ASIC"), for an order setting aside the Clerk's Order Denying ASIC's Motion for Entry of Default and directing the Clerk to enter default against each defendant named in this lawsuit, Maverick Construction and Engineering Corp. ("Maverick"), Traci Skinner, and Michael Skinner, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.  The motion was referred to the United States Magistrate Judge for a report and recommendation or determination.  For the reasons that follow, it is recommended that the motion be granted.

PROPOSED FINDINGS OF FACT

On September 14, 2006, ASIC filed its complaint in this action

seeking recovery from each of the defendants for breach of a written indemnity agreement (the "Indemnity Agreement") in which the defendants agreed to indemnify ASIC for payments paid by ASIC pursuant to performance bonds issued to Maverick in its construction business. (Mot. Set Aside 1-2.) ASIC, through its attorney, served each defendant with a copy of the summons and complaint by mailing the same to them by certified mail, return receipt request, to their last known address. (Mot. Set Aside 2; Robertson Aff. ¶2, Jan. 4, 2007.) This is the address that all defendants listed as their address on the Indemnity Agreement. (Compl. Ex. A at 3.) It is also the same address listed with the Tennessee Secretary of State as the address for Maverick's registered agent for service of process, Traci Skinner. (Mot. Set Aside Ex. A.)

Each defendant was served on September 22, 2006. (Mot. Set Aside 2; *see* Summons Returned Executed, Doc. Nos. 3, 4, & 5.) Each defendant refused service as evidence by the Postmaster's notation "Unclaimed" on the face of each envelope. (Summons Returned Executed, Doc. Nos. 3, 4, & 5.) ASIC filed proof of service on each defendant with the court on November 27, 2006. (Mot. Set Aside 2; Summons Returned Executed, Doc. Nos. 3, 4, & 5.)

On January 11, 2007, ASIC filed a Motion for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On

January 12, 2007, the Clerk entered an order denying ASIC's motion for entry of default on the grounds that the defendants had not been properly served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Order Denying Default, *American So. Ins. Co. v. Maverick Construction & Eng'g Corp.*, Case No. 06-2590-BV (W.D. Tenn. Jan. 12, 2007).

PROPOSED CONCLUSIONS OF LAW

Rule 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED. R. CIV. P. 55(a).  A defendant is required to serve an answer within 20 days after being served with the summons and complaint. FED. R. CIV. P. 12.  The issue then is whether the defendants in this action were properly served with the summons and complaint.

Rule 4 governs service of a summons and complaint in federal courts.  It provides that service may be effected upon individuals within a judicial district of the United States "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."  FED. R. CIV. P. 4(e)(1).  This subsection authorizes service in any judicial district in

conformity with state law for service of process.  FED. R. CIV. P. 4(e), A.C.N. to 1993 amends.  The rule further provides that service of process may be made upon a corporation "in the manner prescribed for individuals by subdivision (e)(1)."  FED. R. CIV. P. 4(h)(1).

The law of the state of Tennessee, the state in which this district court is located, permits service of process in its courts of general jurisdiction by mailing the defendant a copy of the summons and complaint by certified mail, return receipt requested.  TENN. R. CIV. P. 4.04(10).  Rule 4.04 further provides that the notation "unclaimed" by the United States Postal Service shall be deemed actual and valid service:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice.  Service by mail is complete upon mailing. For purposes this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

TENN. R. CIV. P. 4.04(11).

Here, ASIC mailed the summons and complaint to each defendant by certified mail, return receipt requested, to the appropriate address for each defendant.  According to the return of service

4

filed with the court, each defendant refused to accept delivery, and the United States Postal Service noted on each envelope that it was "unclaimed."  This is evidence of the defendant's refusal to accept delivery.  When the written return receipt was filed with the court on November 27, 2006, under Tennessee law for service of process, it is deemed valid service.  Federal Rule of Civil Procedure 4(e) recognizes the validity of service of process in accordance with Tennessee law in this district.  Accordingly, each defendant then had twenty days in which to answer or otherwise respond and has failed to do so.  This fact was made known to the Clerk by affidavit of Philip L. Robertson filed in support of the motion for entry of default.  Thus, under Rule 55(a), the Clerk is required to enter a default.

## CONCLUSION

It is therefore recommended that ASIC's motion to set aside the Clerk's order denying the entry of default be GRANTED, and the Clerk be directed to enter default.

Respectfully submitted this 9th day of March, 2007.


S/ Diane K. Vescovo
UNITED STATES MAGISTRATE JUDGE

5